**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY GREENWOOD and EUGENIA GREENWOOD, <br><br> Debtors - Appellants, <br><br> v. <br><br> ONEWEST BANK, FSB and ANGELIQUE L.M CLARK, Trustee, <br><br> Appellees. | No. 13-16655 <br><br> D.C. No. 3:13-cv-00293-RCJ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted February 10, 2015[**]
San Francisco California

Before: THOMAS, Chief Judge, and TASHIMA and McKEOWN, Circuit Judges.

Jerry and Eugenia Greenwood appeal from the United States District Court

for the District of Nevada's order dismissing their appeal from the United States

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bankruptcy Court for the District of Nevada for lack of standing. We affirm. Because the parties are familiar with the history of the case, we need not recount it here.

We review the issue of whether appellants have standing de novo. *Natural Res. Def. Council v. EPA*, 542 F.3d 1235, 1244 (9th Cir. 2008); *see also Wiersma v. Bank of the West (In re Wiersma)*, 483 F.3d 933, 938 (9th Cir. 2007). "Only persons who are directly and adversely affected pecuniarily by an order have standing to appeal the order." *Paine v. Dickey (In re Paine)*, 250 B.R. 99, 104 (B.A.P. 9th Cir. 2000). Furthermore, the Bankruptcy Code vests the bankruptcy trustee alone with the right to sue on behalf of the estate under 11 U.S.C. § 323(a).

Section 323 states that "[t]he Trustee in a [bankruptcy] case is the representative of the estate" and "has capacity to sue and be sued." The trustee's capacity to sue on behalf of the estate is exclusive. *See, e.g.*, *Estate of Spirtos v. One San Bernardino Cnty. Super. Ct. Case No. SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006) ("We therefore reaffirm our previous reasoning and that of our sister circuits and hold that the bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate.").

Even if the Greenwoods are found to be a "person aggrieved" in the sense that they might be affected pecuniarily, absent evidence that the property of the

estate was abandoned by the trustee, they lack standing to appeal. *Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 n.2 (9th Cir. 1994).*

**AFFIRMED.**